Exhibit 1

THIS AGREEMENT is entered into this March 2, 2007 by and between

Technical Systems
a Division of RAE Corporation
Post Office Box 1206
Pryor, OK 74362

an Oklahoma corporation having its principal place of business in the Mid-America Industrial Park, approximately four miles south of Pryor, Oklahoma (hereinafter referred to as "Technical Systems"), and

DNT Enterprises, Inc.
60 East 42nd St., Suite #1065
New York, NY 10165

(hereinafter referred to as Representative)

In consideration of the mutual promises herein contained, the parties hereto agree as follows:

(1) **Terms of Representation**. Technical Systems hereby appoints Representative as a direct manufacturer's representative for sale of certain products in the territory identified below:

   a. **Territory**. The territory assigned to Representative is defined in Schedule A attached hereto. (The assigned territory shall be referred to herein as "the Territory").

   b. **Products**. This appointment shall apply only to hose products identified in Schedule B attached hereto. (the products identified on Scheduled B shall be collectively referred to herein as "the Products").

   c. **Commissions**.

      i. Representative shall be compensated by Technical Systems solely with commissions and credits to be determined according to the formula set forth on Schedule C attached hereto. Commissions and credit shall become payable to Representative only after Technical Systems receives payment in full for the sales to which such commissions and credits apply. Partial commissions or credits shall not be paid on unauthorized partial payments by a customer. However, if Technical Systems elects, at its sole discretion, to rearrange or refinance a payment plan for a customer, partial commission or credit payment s will be made to Representative upon receipt of payment from the customer under such payment plan.

      ii. Commission on special Net Price quotations to a customer will be determined prior to quotation and will be confirmed in writing by Technical Systems to the Representative. All other parameters regarding this commission will apply as indicated in the preceding paragraph (i).

   d. **OEM Relationships**. Technical Systems reserves the right to establish relationships directly with original equipment manufacturers. ('OEM's") in the Territory without the involvement of, or compensation to, Representative. OEM's are defined as manufacturers that incorporate Technical Systems products into their own products. OEM's will be required by Technical Systems to use the RAE Corporation nameplate,

1

will not have Technical Systems logo information, and will be required to use their own logo or no logo at all on the equipment. Representative will not be required to support any equipment sold through Technical Systems direct relationships with OEM's and will not be entitled to commissions on such sales. (However, if, in Technical Systems sole discretion, Representative is responsible for the development of an OEM account, Technical Systems may elect to pay Representative a commission. Such election by Technical Systems must be confirmed in writing by Technical Systems prior to each applicable sales transaction and does not establish a precedent for any future transactions).

    e. **Term**. This agreement will expire one (1) year from its effective date, but may be renewed in writing, executed by both parties.

    f. **Termination**. This agreement may be terminated prior to the expiration of the Term set forth above only as follows:

        i. Representative may terminate this Agreement at any time upon sixty (60) days prior written notice to Technical Systems.

        ii. Technical Systems may terminate this Agreement at any time if Technical Systems determines, in its sole discretion, that Representative has failed to develop a fair share of the market reasonably available for the Products in light of prevailing business conditions, has failed to provide adequate customer service for the products, lacks sufficient working capital to provide the representation required by the trade in territory, or otherwise fails to use the resources necessary to effectively represent Technical Systems. Technical Systems will provide 30-day protection on outstanding quotes the representative may have at the time of termination.

(2) **Scope of Representation**. Representative shall solicit inquiries and orders for the Products and to this end shall promote goodwill for Technical Systems and the products. Representative shall maintain sufficient organization to accomplish effective coverage and development of the Territory, but Representative shall not appoint any distributors, wholesalers or Representatives for this purpose without prior written consent of Technical Systems. Technical Systems reserves the right to send factory or other appointed sales personnel in Territory after notifying Representative of its intention to do so, if Technical Systems considers such action necessary to best protect its interest in any specific sales project.

(3) **Pricing**. Technical Systems product catalog includes price lists stating the list price for each of Technical Systems products and the many variable features available. List prices on the specialty variables will be furnished upon request. Such list prices are subject to discounts. (multiplier factors) currently effective, to be stated by Technical Systems in writing. Changes in Technical Systems catalog) including discontinuance of listing of various types of equipment and changes in list prices or discount schedules as issued by Technical Systems) shall be considered formal amendments to the Technical Systems catalog and when issued become a part of this agreement with the same force and effect as is set forth herein. Technical Systems reserves the right to change list prices and /or discounts and commission rates applying to such prices at any time without obligation to Representative.

(4) <u>Changes in Product Design</u>. Technical Systems reserves the right to change the design of the Products or parts thereof without obligation to effect such changes on products theretofore manufactured.

(5) <u>Orders</u>.
   i. All orders obtained by Representative shall be in writing and subject to acceptance by Technical Systems on its terms and conditions of sales in effect when received. All such orders must be issued by the Customers to Technical Systems or specifically assigned to Technical Systems by the Customers in writing.

   ii. Technical Systems reserves the right to evaluate the credit worthiness of any customer placing an order and may reject an order if, in Technical Systems sole discretion, the customer may be unable to make payment according to the terms provided by Technical Systems. Technical Systems also reserves the right to evaluate the credit worthiness of Representative, if Representative requests authorization to buy Technical Systems products for resale, and Technical Systems may reject such a request if, in Technical Systems sole discretion, Representative may be unable to make payment according to the terms provided by Technical Systems.

(6) <u>No Agency Relationship</u>. Representative is an independent contractor, and is expressly prohibited from making any representation on behalf of Technical Systems not expressly approved in writing by Technical Systems. Representative shall not conduct his business or imply in any way, directly or indirectly, that Representative is an agent of, or as the authority to bind Technical Systems.

(7) <u>Information and Product Support.</u> Technical Systems shall provide Representative with price list, specification and advertising bulletins relative to the Products in quantities to be determined by Technical Systems. Technical Systems shall provide Representative engineering assistance and inform Representative of new products and improvements in existing products and the application thereof.

(8) <u>Service.</u> Representative shall coordinate all necessary servicing to Technical Systems products within the Territory. Technical Systems reserves the right to send factory service engineers or other special appointed service men into the Territory if Technical Systems deems it necessary to assure proper servicing of Technical Systems products. Service charges may be made by Technical Systems to Representative with prior approval of Representative for sales, service or engineering assistance when requested by Representative at Technical Systems then effective per diem rates plus living and traveling expenses.

(9) <u>Confidential Information.</u> Representative acknowledges that in his prior employment with Technical Systems, and through the performance of his obligations under this agreement. Representative has and will receive Confidential Information of Technical Systems. "Confidential Information," as used herein includes, but is not limited to, research, engineering, manufacturing processes, financial information, and pricing. Representative is not authorized to disclose any such Confidential Information to any one without the prior written consent of Technical Systems. Representative understands and agrees that this obligation not to disclose Confidential Information shall continue after the determination of this agreement for any reason.

(10) <u>Waiver.</u> The failure of Technical Systems to require performance by Representative of any provision hereof shall in no way effect the right of Technical Systems to require such performance at any time thereafter. The waiver by Technical Systems of any provision of

this agreement shall not be considered a precedent for waiver for any succeeding breach of such provision.

(11) <u>Effect of Other Agreements.</u> This agreement supercedes and cancels all previously executed agreements or arrangements, oral or in writing, which, may have been in existence between the parties hereto, pertaining to the subject matter of this agreement. This agreement shall control over any other document entered into hereafter unless the same is signed by both parties hereto and refers specifically to this paragraph.

(12) <u>Governing Law.</u> This agreement is entered into in the State of Oklahoma and shall be construed for all purposes in accordance with the laws of that State.

(13) <u>Notices.</u> Any notices or communications required or permitted hereunder shall be sufficiently given if sent by registered mail, postage prepaid, addressed to the addresses for Technical Systems and Representatives set forth above, or such other address as either party may hereafter designate in writing for the giving of notice to it.

(14) <u>Assignment.</u> This Agreement is not assignable by Representative without written consent of Technical Systems.

IN WITNESS WHEREOF, the parties have hereunder set their on the date first written above.

| Representative | Technical Systems |
|---|---|
| By: _____ | By: _____ |
| Neil Thakker | Sam Jones |
| Vice President | Executive Vice President |
| DNT Enterprises, Inc. | RAE Corporation |

## SCHEDULE A

## AGREEMENT

Technical Systems

And

DNT Enterprises, Inc.

The Account assigned to Representative for solicitation of sales to Technical Systems territories is defined as follows:

The Following Counties In The State Of New York:

| | | |
|---|---|---|
| Brooklyn | Queens | Manhattan |
| Bronx | Staten Island | Long Island |
| Westchester | Putnam | Orange |
| Rockland | | |

SCHEDULE B

AGREEMENT

Technical Systems

And

DNT Enterprises, Inc.

TECHNICAL SYSTEMS Products for which Representative is responsible for effecting sales within the assigned territories are defined as follows:

## EQUIPMENT

**SERIES 10 CONDENSERS**

**SERIES 20 CONDENSING UNITS**

**SERIES 24 CONDENSING UNITS**

**SERIES 32 CHILLERS**

**SERIES 33 CHILLERS**

**SERIES 34 CHILLERS**

**SERIES 35 CHILLERS**

**FLUID COOLERS**

## SCHEDULE C COMMISSIONS

### Technical Systems

### And

### DNT Enterprises, Inc.

Commissions and other allowed credits as provided under the terms of this Agreements will be accrued to the credit of the Representative on transactions and become payable to representative after the billed customer pays Technical Systems the amount of the invoice covering the transaction. Payments of commissions to Representative shall be made by Technical Systems' four week account periods for commissions and credits becoming payable during that accounting period.

Commissions and allowable credits to be accrued to the credit of Representative shall be based on the following terminology and calculation methods:

**DEFINITIONS:**

| | |
|---|---|
| SP | Sales price shall be that portion of the amount billed to the customers pertaining to equipment sold excluding special service charges (special crating, extraordinary handling, etc.), recognized allowable start-up provisions, prepaid freight billed or allowed. |
| PAR MULTIPLIER | Discount factory applied to List Price |
| PAR | List Price x PAR MULTIPLIER |
| R | Applicable Commission Rate |
| A | Start-up allowance (see maximum acceptable amounts listed in TECHNICAL SYSTEMS Price List on Start-up changes. |
| E | Special Expenses such as special handling required, export crating, etc. |
| C | Commissions = PAR x R |
| P | Participating credit in overage of SP beyond PAR |

Representatives' commissions and Participating Credit will be:

| | |
|---|---|
| C | Commission which is R x PAR |
| P | 50% of SP-PAR |
| A | Start-up Allowance (when identified and claimed by Representative). |

<u>C+P+A = Total Commission and Allowance</u>

**SPLIT CREDITS**
When more than one Territory or Representative is involved in obtaining an order, the commissions and participating Credit (not including the start-up provisions which is payable to the Representative who is to perform the service) will be divided and become payable on the following basis.

    45% for Specification    ¤    20% for Territory    ¤    35% for the Order

7