UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DNT ENTERPRISES, INC.,                          :
                                                :   Case No. 07 Civ. 8661 (LLS) (DCF)
                         Plaintiff, :   ECF CASE
                                                :
    -against-                                 :   **REPLY AFFIDAVIT**
                                                :   **OF ERIC SWANK**
                                                :
TECHNICAL SYSTEMS,                              :
A DIVISION OF RAE CORPORATION,                  :
                                                :
                        Defendant.  :
-----------------------------------------------------------------x

STATE OF OKLAHOMA  )
                            ) ss:
COUNTY OF MAYES    )

      ERIC SWANK, being duly sworn, deposes and says:

      1.     I am the President and Chief Executive Officer of RAE Corporation ("RAE"), including an incorporated division of RAE known as Technical Systems, Inc. ("TSI"). TSI is the entity that contracted with plaintiff DNT Enterprises Inc. ("DNT"), and is the named defendant in this case. I have personal knowledge of the facts set forth herein, and can and will testify to such facts if called as a witness.

      2.     I make this reply affidavit (i) in further support of TSI's motion to dismiss plaintiff's amended complaint, filed on January 22, 2008 (the "Amended Complaint"), because TSI is not subject to personal jurisdiction in New York, and, alternatively, because this case should be transferred to the United States District Court for the Northern District of Oklahoma in Tulsa, where TSI is subject to jurisdiction; and (ii) to respond to certain allegations in the opposition affidavit of Neil Thakker, sworn to on April 1, 2008 (the "Thakker Affidavit"), and in

1

the Memorandum of Law in Opposition, dated April 1, 2008 (the "Opposition Brief" and, together with the Thakker Affidavit, "Plaintiff's Opposition Papers").[1]

### TSI Is Not Transacting Business In New York In Connection With The Contract

3. Plaintiff's contention that TSI's attendance at the AHR Expo, hosted by the Jacob K. Javits Convention Center in New York in January 2008, has any bearing on jurisdiction is misguided. (See Thakker Aff. ¶ 30). The AHR Expo, is an annual convention that, in 2008, was held in New York for the first time in over fifteen years. Since 1992, TSI has routinely attended this convention, which is held in Chicago every few years and, in alternating years, is held in other major cities across the country.

4. As clarification to my previous affidavit, TSI's invoices, which indicate that the F.O.B. shipping terms are "F.O.B. Shipping Point", means F.O.B. Oklahoma. Title to TSI's equipment transfers at the shipping point, which is TSI's loading dock in Oklahoma. (See 2/28/08 Swank Aff. ¶ 6, 14, 20; Thakker Aff. 39).

### All Of TSI's Witnesses And Records Are In Oklahoma

5. As stated in my previous affidavit, all of TSI's employees live and work in Oklahoma and all of TSI's business records associated with its relationship with DNT are located in Oklahoma. (See 2/28/08 Swank Aff. ¶¶ 4, 17). In addition, Sam Jones, TSI's former Executive Vice President of Sales, lives in Oklahoma. Mr. Jones is an important third-party witness because he was intimately involved in the negotiation and execution of the one-year contract that is the subject of this case (the "Contract"), as well as the decisions to terminate and later rescind the termination of the Contract, among other things. (See 2/28/08 Swank Aff. ¶ 17).

---

[1] In connection with TSI's motion to dismiss, I previously submitted an affidavit sworn to on February 28, 2008 (cited herein as the "2/28/08 Swank Aff. ¶ __.").

6.In addition, Chad Smith, a former sales manager for TSI, is a third-party witness for the defense. Mr. Smith also lives and works in Oklahoma.

7.In order to defend against the claims asserted in Plaintiff's Amended Complaint, TSI expects to call at least ten party and third-party witnesses who all live and work in Oklahoma. The testimony of these witnesses will include, among other things, the issues set forth below:

a.Eric Swank (TSI's President and CEO). I will testify about the decision to terminate the Contract, the subsequent decision to rescind the termination of the Contract, and the nature of the business relationship between TSI and DNT. I will also testify about the amount of sales procured by DNT on behalf of TSI and matters related to DNT's purported damages.

b.Kevin Trowhill (TSI's Vice President of Sales). Mr. Trowhill will testify about the decision to terminate the Contract, the subsequent decision to rescind the termination of the Contract, and the nature of the business relationship between TSI and DNT. Mr. Trowhill will also testify about the amount of sales procured by DNT on behalf of TSI and matters related to DNT's purported damages.

c.Sam Jones (TSI's _Former_ Executive Vice President of Sales). Mr. Jones will testify about the negotiation and execution of the Contract, the decision to terminate the Contract, the subsequent decision to rescind the termination of the Contract, and the nature of the business relationship between TSI and DNT. Mr. Jones will also testify about the amount of sales procured by DNT on behalf of TSI.

d.Chad Smith (TSI's _Former_ Sales Manager). Mr. Smith will testify about the negotiation of the Contract, and the nature of the business relationship between TSI and DNT. Mr. Smith will also testify about the amount of sales procured by DNT on behalf of TSI and TSI's communications with Neil Thakker (of DNT).

e.Adam Myer (TSI's Salesperson). Mr. Myer will testify about the nature of the business relationship between TSI and DNT and the amount of sales procured by DNT on behalf of TSI.

f.Jerry Salcher (TSI's Vice President of Production). Mr. Salcher will testify about the nature of the business relationship between TSI and DNT.

g.Jay Kindle (TSI's Vice President of Engineering). Mr. Kindle will testify about the nature of the business relationship between TSI and DNT.

      h.      Jeremy Colvard (TSI's Manufacturing Engineering Manager). Mr. Colvard will testify about the nature of the business relationship between TSI and DNT.

      i.      Faisal Baig (TSI's Sales Engineer). Mr. Baig will testify about the nature of the business relationship between TSI and DNT.

      j.      John Jackson (TSI's Sales Engineer). Mr. Jackson will testify about the nature of the business relationship between TSI and DNT.

8.      Given the inconvenience associated with requiring these individuals to travel to New York and the burden that their absence will have on TSI's business, it is respectfully submitted that the balance of convenience and justice favors a transfer of venue to the Northern District of Oklahoma should this Court decide not to dismiss Plaintiff's Amended Complaint for lack of personal jurisdiction.

### Many Allegations In Plaintiff's Opposition Papers Are Inaccurate

9.      While I am informed that many of the statements in Plaintiff's Opposition Papers are irrelevant to the jurisdictional questions on the instant motion, I feel compelled to address a number of the inaccurate statements in the Opposition Papers. My silence as to the remainder of the misstatements should not be construed as acquiescence.[2]

10.      Contrary Plaintiff's assertion in the Thakker Affidavit, TSI does not place bids directly with contractors in New York for the sale of its HVACR equipment. (See Thakker Aff. ¶ 40). Doing so would obviate the need for independent contractor representatives.

11.      Despite Plaintiff's suggestion to the contrary (see Thakker Aff. ¶ 21), the termination provision in the Contract did not require TSI to provide a written explanation for its discretionary decision to terminate the Contract. (See 2/28/08 Swank Aff. ¶ 11, Ex. 1, ¶ 1(f), at p. 2).

---

[2] For example, though entirely irrelevant to the issue before the Court, the Thakker Affidavit asserts that Plaintiff intends to bring new breach of contract claims premised on the theory that TSI is required to do business with Plaintiff even after the expiration of the contract. For the record, that contention is contradicted by the terms of the expired contract, and is also absurd.

12.     Plaintiff's statement that TSI "purported to reinstate the representation agreement several weeks" after sending the cancellation letter on September 21, 2007 is not accurate. (See Opp. Br. at 5). As Plaintiff's Amended Complaint recognizes, TSI rescinded its termination of the contract by letter dated October 4, 2007 -- nine business days later. (Amend. Cmplt. ¶ 57).

13.     Plaintiff's declaration that TSI's "principal reason for being . . . is the sale and installation of HVACR machinery, products and equipment," is a mischaracterization of TSI's business. (See Opp. Br. at 10). As stated in my previous affidavit, "TSI specializes in the production of engineered cooling systems which are manufactured in Oklahoma." (2/28/08 Swank Aff. ¶ 3). Plaintiff's Opposition Brief acknowledges that TSI is a manufacturer of HVACR machinery, products and equipment. (See Opp. Br. at 3).

_____
Eric Swank

Sworn to before me this
18 day of April 2008.

_____
Notary Public