UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DNT ENTERPRISES, INC., Plaintiff,

-against-

TECHNICAL SYSTEMS, A DIVISION OF RAE CORPORATION, Defendant.

Case No. 07 Civ. 8661 (LLS) (DCF)
ECF CASE

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
David E. Ross, Esq.
Eric D. Herschmann, Esq.
Kimberly A. Horn, Esq.
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700

*Attorneys for Defendant*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......... ii

PRELIMINARY STATEMENT .......... 1

ARGUMENT .......... 3

I. PLAINTIFF HAS FAILED TO CARRY ITS BURDEN OF ESTABLISHING THAT TSI IS SUBJECT TO JURISDICTION UNDER C.P.L.R. § 302(a)(1) .......... 3

A. TSI Is Not Present In New York .......... 3

B. TSI's Compliance With Building Code Regulations Does Not Establish Long-Arm Jurisdiction .......... 5

C. TSI's Communications With Plaintiff Do Not Establish Jurisdiction Where Plaintiff's Claims Do Not Arise Out Of Such Communications .......... 6

D. Plaintiff's Claim of TSI's "Continuing Relationship" With Plaintiff Does Not Establish Long-Arm Jurisdiction .......... 8

E. TSI Did Not Ship Its Equipment Into New York State .......... 9

II. TRANSFER OF VENUE TO THE NORTHERN DISTRICT OF OKLAHOMA IS WARRANTED HERE .......... 10

CONCLUSION .......... 14

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

Ayala-Branch v. Tad Telecom, Inc., 197 F. Supp. 2d 13 (S.D.N.Y. 2002) .......... 11, 12, 13

Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779 (2d Cir. 1999) .......... 5

Cavalier Label Co. v. Polytam, Ltd., 687 F. Supp. 872 (S.D.N.Y. 1988) .......... 9, 10

Coker v. Bank of Am., 984 F. Supp. 757 (S.D.N.Y. 1997) .......... 12, 13

Deutsche Bank Sec., Inc. v. Montana Bd. of Invs., 7 N.Y.3d 65, 850 N.E.2d 1140, 818 N.Y.S.2d 164 (2006) .......... 7

Editorial Musical Latino Americana v. MAR Int'l Records, Inc., 829 F. Supp. 62 (S.D.N.Y. 1993) .......... 12

Ehrenfeld v. Mahfouz, 9 N.Y.3d 501, 851 N.Y.S.2d 381 (2007) .......... 7

Feigenbaum v. Marble of Am., Inc., 735 F. Supp. 79 (S.D.N.Y. 1990) .......... 5

Ferrante Equip. Co. v. Lasker-Goldman Corp., 26 N.Y.2d 280, 258 N.E.2d 202, 309 N.Y.S.2d 913 (1970) .......... 4

Finest Fruits, Inc. v. Bertuca, 714 F. Supp. 94 (S.D.N.Y. 1989) .......... 9, 10

Fischbarg v. Doucet, 9 N.Y.3d 375, 880 N.E.2d 22, 849 N.Y.S.2d 501 (2007) .......... 7

Flaherty v. All Hampton Limousine, Inc., No. 01 Civ. 9939, 2002 WL 1891212 (S.D.N.Y. Aug. 16, 2002) .......... 11

Frene N.V. v. Kmart Corp., No. 96 CIV 9585, 1998 WL 427688 (S.D.N.Y. July 29, 1998) .......... 12

Howard v. Four Seasons Hotels Ltd, No. 96 CIV 4587, 1997 WL 107633, (S.D.N.Y. Mar. 10, 1997) .......... 12

In re Sayeh R., 693 N.Y. 2d 306, 693 N.E.2d 724, 670 N.Y.S.2d 377 (1997) .......... 5

Kronisch v. United States, 150 F.3d 112 (2d Cir. 1998) .......... 4, 8

McGowan v. Smith, 52 N.Y.2d 268, 419 N.E.2d 321, 437 N.Y.S.2d 643 (1981) .......... 4, 8

**TABLE OF AUTHORITIES**
**(Continued)**

**Page(s)**

McKee Elec. Co. v. Rauland-Borg Corp., 20 N.Y.2d 377, 229 N.E.2d 604, 283 N.Y.S.2d 34 (1967) ........ *passim*

Parke-Bernet Galleries, Inc. v. Franklyn, 26 N.Y.2d 13, 256 N.E.2d 506, 308 N.Y.S.2d 337 (1970) ........ 6

Robinson v. Overseas Military Sales Corp., 21 F.3d 502 (2d Cir. 1994) ........ 5

Scott v. Nat'l Ass'n for Stock Car Racing, Inc., No. 06 Civ. 6029, 2008 WL 217049 (S.D.N.Y. Jan. 17, 2008) ........ 5

**STATUTES AND RULES**

28 U.S.C. § 1391(a) ........ 11

28 U.S.C. § 1404(a) ........ 1, 13, 14

Fed. R. Civ. P. 12(b)(2) ........ 1, 5, 14

Fed. R. Civ. P. 12(b)(6) ........ 5

N.Y. C.P.L.R. § 302(a)(1) ........ *passim*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

| | |
|---|---|
| DNT ENTERPRISES, INC., Plaintiff, -against- TECHNICAL SYSTEMS, A DIVISION OF RAE CORPORATION, Defendant. | Case No. 07 Civ. 8661 (LLS) (DCF) ECF CASE |

---------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant Technical Systems, a division of RAE Corporation (hereinafter referred to as "TSI" or "Defendant") respectfully submits this reply memorandum of law in further support of its motion to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2) or, in the alternative, for an order, pursuant to 28 U.S.C. § 1404(a), transferring this action to the United States District Court for the Northern District of Oklahoma.

**PRELIMINARY STATEMENT**

TSI's opening memorandum[1] established that TSI is not subject to long-arm jurisdiction in this New York under C.P.L.R. § 302(a)(1). Relying on a controlling New York Court of Appeals manufacturer-representative case with a set of facts strikingly similar to those here, as well as relevant New York and Second Circuit authority, TSI demonstrated that it did not transact business or contract to supply goods in New York and that, in any event, plaintiff DNT

[1] The Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Amended Complaint, filed on February 29, 2008, is hereinafter referred to as "TSI's Opening Brief" and cited herein as "Def. Br. at __."

Enterprises, Inc.'s ("Plaintiff") contract termination claims do not arise out of any limited contacts TSI may have had with New York during the 2007 contract period.

In response, Plaintiff fails to even address, much less distinguish, the authorities cited in TSI's Opening Brief, most notably the New York Court of Appeals decision in McKee Elec. Co. v. Rauland-Borg Corp., 20 N.Y.2d 377, 229 N.E.2d 604, 283 N.Y.S.2d 34 (1967). Plaintiff likewise fails to meet or rebut TSI's arguments. Instead, Plaintiff bombards the Court with an irrelevant recitation of history, argues the ultimate merits of its claims, references claims it has not even asserted in this case, and cites to irrelevant case law, all in an apparent attempt to muddy the waters on the jurisdictional issues pertinent to this motion.[2]

The law relevant to the issues on this motion demonstrates that Plaintiff's arguments cannot carry the day. Plaintiff cannot establish either or both of the two prerequisites to jurisdiction under C.P.L.R. § 302(a)(1): that during the term of the one-year contract at issue (i) TSI transacted business or supplied goods in New York; and (ii) that the claim for wrongful termination arose out of any action by TSI in New York.

Alternatively, for the reasons set forth in TSI's Opening Brief, this reply memorandum and the supporting affidavits of Eric Swank,[3] the Court should transfer venue to the Northern District of Oklahoma. An analysis of the relevant factors shows that the interests of convenience and justice would be best served if this action was transferred there.

Accordingly, TSI respectfully submits that the Court should dismiss the Amended Complaint, or, in the alternative, transfer this case to the Northern District of Oklahoma.

---

[2] Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss or, Alternatively, Transfer the Case, filed April 1, 2008, is hereinafter referred to as the "Opposition Brief" and is cited as "Opp. Br. at __."

[3] The Affidavit of Eric Swank, sworn to on February 28, 2008, is cited herein as "2/28/08 Swank Aff. ¶ __." The Reply Affidavit of Eric Swank, sworn to on April 18, 2008, is cited herein as "4/18/08 Swank Aff. ¶ __."

# ARGUMENT

## I.

## PLAINTIFF HAS FAILED TO CARRY ITS BURDEN OF ESTABLISHING THAT TSI IS SUBJECT TO JURISDICTION UNDER C.P.L.R. § 302(a)(1)

Neither the allegations in Plaintiff's Amended Complaint nor the arguments and allegations in Plaintiff's Opposition papers[4] establish that the Court has jurisdiction over TSI. Contrary to Plaintiff's contentions: TSI is not physically present in New York; the fact that TSI's equipment complies with New York City's Building Code regulations does not confer jurisdiction; Plaintiff's contract termination claims do not arise out of TSI's communications with Plaintiff and/or TSI's other minimal contacts with the forum; and TSI did not ship its Oklahoma-manufactured equipment into New York. Moreover, the history and duration of TSI's relationship with Plaintiff is irrelevant to the jurisdictional inquiry under controlling case law which focuses only on the contract term in question (here, the six months from the start of the contract until Plaintiff filed this suit).

### A. TSI Is Not Present In New York

In support of its argument that TSI is subject to long-arm jurisdiction, Plaintiff asserts that TSI was physically present[5] in New York on a number of occasions. (See Opp. Br. at 7; Thakker Aff. ¶ 28). Yet, all but one of the trips to New York cited by Plaintiffs occurred long before the execution of the contract in question. As set forth in the Swank Affidavit, TSI made a single service call to New York in 2007. (2/28/08 Swank Aff. ¶ 9). Not only has Plaintiff offered no explanation for how a single, service trip to New York amounts to purposeful activity

---

[4] These include Plaintiff's Opposition Brief, as well as the Affidavit of Neil in Opposition to Defendant's Motion to Dismiss or, Alternatively, to Transfer the Case, sworn to on April 1, 2008, which is cited herein as "Thakker Aff. ¶ __."

[5] It is undisputed that TSI does not maintain a presence in New York through the ownership of property, maintenance of employees or agents, existence of telephone numbers, addresses, post office boxes or bank accounts. (2/28/08 Swank Aff. ¶ 8). Nor is TSI registered or authorized to do business in New York and TSI has no agent for service of process in New York. (2/28/08 Swank Aff. ¶ 7).

in New York,[6] but Plaintiff has not even attempted to explain how Plaintiff's claims for breach of contract "arise out of" that New York activity. Obviously, they do not.

Moreover, Plaintiff's reference to TSI's purported visits to New York over a twelve year period are irrelevant to the jurisdictional analysis. In McKee Elec. Co. v. Rauland-Borg Corp., 20 N.Y.2d 377, 229 N.E.2d 604, 283 N.Y.S.2d 34 (1967), the manufacturer-defendant and the plaintiff-representative entered into a series of one-year contracts, as in this case. Yet, the New York Court of Appeals ignored defendant's contacts with the forum state under the prior contracts, focusing only on defendant's activities in New York during the one-year contract in question. 20 N.Y.2d at 379-80, 229 N.E.2d at 606, 283 N.Y.S.2d at 36. (See supra Section I.D, at 9). Even if, arguendo, the Court could consider the cumulative effect of TSI's social trips and service calls to New York over the past twelve years, Plaintiff cannot establish that the contract termination that is the subject of this case "arises out of" or bears any relationship (let alone the requisite "substantial relationship") to those visits cited in the Thakker Affidavit. McGowan v. Smith, 52 N.Y.2d 268, 273, 419 N.E.2d 321, 323, 437 N.Y.S.2d 643, 645 (1981) (holding that defendant was not subject to long-arm jurisdiction, despite several business-related visits to the forum, "for the simple reason that they have not been shown to bear a substantial relationship to the transaction out of which the instant cause of action arose"); see also Kronisch v. United States, 150 F.3d 112, 130 (2d Cir. 1998). For these reasons, Plaintiff's jurisdictional claims fail and the Amended Complaint must be dismissed.

[6] Contrary to Plaintiff's assertion, Ferrante Equip. Co. v. Lasker-Goldman Corp., 26 N.Y.2d 280, 258 N.E.2d 202, 309 N.Y.S.2d 913 (1970), does not stand for the proposition that a single trip to the forum state by defendant is enough to confer jurisdiction. (See Opp. Br. at 7). The case discusses, as dicta, the possibility that a single business transaction may confer jurisdiction, if the appropriate standard is met. Ferrante Equip. Co., 26 N.Y.2d at 284, 258 N.E.2d at 204-05, 309 N.Y.S.2d at 917 (holding that the complaint must be dismissed for lack of long-arm jurisdiction).

**B. TSI's Compliance With Building Code Regulations Does Not Establish Long-Arm Jurisdiction**

Not surprisingly, Plaintiff is unable to point to any authority for the proposition that a party purposely avails itself of the benefits and privileges of conducting business in New York by designing products that happen to comply with the New York City Building Code (the "Building Code"). (Opp. Br. at 8; Thakker Aff. ¶ 4(a)-(b)). While Plaintiff cites to McKee Elec. Co., arguing that this is the very type of conduct by which a party purposefully avails itself, nowhere in that case is there a discussion about designing goods to comply with specific regulations in the forum state, and of course long-arm jurisdiction was rejected there. See generally McKee Elec. Co., 20 N.Y.2d 377, 229 N.E.2d 604, 283 N.Y.S.2d 34.[7]

It is also undisputed that TSI never turned to the New York court system to enforce its legal rights, nor has its sale of equipment to Plaintiff's New York based customers garnered TSI benefits such as tax incentives or rebates. By contrast, see In re Sayeh R., 693 N.Y. 2d 306, 319, 693 N.E.2d 724, 730, 670 N.Y.S.2d 377, 383 (1997) (subjecting respondent to long-arm jurisdiction because respondent "repeatedly invoked the aid and protection of [New York] courts, seeking affirmative relief here in New York" and subsequently "enlisted the aid of local police" to enforce a Florida court order). There is also no dispute that Plaintiff's contract claim in this case has no connection whatever to whether TSI's equipment does or does not comply

[7] Plaintiff attempts to circumvent its heavy burden of establishing jurisdiction by suggesting that the Court give Plaintiff's jurisdictional allegations the "benefit of the doubt." (Opp. Br. at 8). On this motion, plaintiff "bears the burden of establishing that the court has jurisdiction over the defendant." Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999); Scott v. Nat'l Ass'n for Stock Car Racing, Inc., No. 06 Civ. 6029, 2008 WL 217049 at *5, (S.D.N.Y. Jan. 17, 2008). In determining whether a plaintiff has met its burden of proof pursuant to Fed. R. Civ. P. 12(b)(2), courts are discouraged from drawing "argumentative inferences" in the plaintiff's favor. Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir. 1994) (citation omitted). Although Plaintiff correctly points out that the court adopted a less stringent standard of review in Feigenbaum v. Marble of Am., Inc., 735 F. Supp. 79 (1990) (see Opp. Br. at 8), there the court was considering a motion to dismiss a complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). 735 F. Supp. at 82. Plaintiff's reliance on Feigenbaum is misplaced.

with the Building Code. Accordingly, Plaintiff's Building Code canard is irrelevant to the analysis.[8]

**C. TSI's Communications With Plaintiff Do Not Establish Jurisdiction Where Plaintiff's Claims Do Not Arise Out Of Such Communications**

Plaintiff also asserts that TSI's electronic mail and telephone communications with Plaintiff amount to the transaction of business in New York. However, Plaintiff's reliance on the cases cited in its Opposition Brief do not support the imposition of long-arm jurisdiction under the facts of this case. (See Opp. Br. at 9-13). Those cases are distinguishable because they involve claims that arise from the communications at issue, which is not the case here.

In Parke-Bernet Galleries, Inc. v. Franklyn, 26 N.Y.2d 13, 256 N.E.2d 506, 308 N.Y.S.2d 337 (1970) (see Opp. Br. at 9), the New York Court of Appeals concluded that the defendant engaged in purposeful activity in New York when he actively participated in a live New York art auction after having a telephone line set up for that purpose. 26 N.Y.2d at 19, 256 N.E.2d at 509, 308 N.Y.S.2d at 342. Although the defendant was not physically present at the auction, he received and transmitted bidding information through plaintiff's employee, who was present at the auction. Id. Defendant's active participation in the bidding resulted in two paintings being sold to him, and plaintiff's cause of action arose from defendant's failure to pay the bill associated with that specific transaction. 26 N.Y.2d at 15-16, 256 N.E.2d at 507, 308 N.Y.S.2d at 339.

---

8 Plaintiff's claim that "[TSI's] success was contingent upon its compliance with New York laws . . . and upon its receipt of advice from [P]laintiff regarding compliance with those laws " is not only inaccurate; it grossly exaggerates Plaintiff's relative contribution to the company's overall sales from New York-based customers. (See Opp. Br. at 13). To put it in perspective, in 2007, the total sales of TSI's equipment to Plaintiff's New York based customers represented less than 3% of the company's national sales. (See 2/28/08 Swank Aff. ¶ 10). In addition, contrary to Plaintiff's suggestion, only a part of Plaintiff's New York customers are in the City of New York as it also represented TSI in five other counties outside the City, not subject to its Building Code. (See 2/28/08 Swank Aff. ¶ 11, Ex. 1, at p. 5).


In Deutsche Bank Sec., Inc. v. Montana Bd. of Invs., 7 N.Y.3d 65, 850 N.E.2d 1140, 818 N.Y.S.2d 164 (2006) (see Opp. Br. at 9-10), the plaintiff's claim for breach of contract arose following the break down of an electronic trade negotiated and executed between the parties through electronic communications. 7 N.Y.3d at 69-70, 850 N.E.2d at 1141-42, 818 N.Y.S.2d at 165-66. While the court recognized that defendant's electronic trade was a transaction for jurisdictional purposes, it noted that there must be "a substantial relationship between the transaction and the claim asserted." Deutsche Bank Sec., Inc., 7 N.Y.3d at 71, 850 N.E.2d at 1142, 818 N.Y.S.2d at 167. There is no such connection pled or demonstrated in this case.

Likewise in Fischbarg v. Doucet, 9 N.Y.3d 375, 880 N.E.2d 22, 849 N.Y.S.2d 501 (2007) (see Opp. Br. at 10-12), the New York Court of Appeals concluded that there was a "substantial relationship" between the plaintiff's claim for unpaid legal fees, which accrued during the period of plaintiff's representation, and defendant's solicitation and retention of plaintiff in New York, which was negotiated and ultimately achieved by way of telephone communications. 9 N.Y.3d at 384, 880 N.E.2d at 29, 849 N.Y.S.2d at 508. Unlike this case, the plaintiff's claims were "directly dependent" on his telephone communications with the defendant. Fischbarg, 9 N.Y.3d at 384, 880 N.E.2d at 30, 849 N.Y.S.2d at 509.

Finally, in Ehrenfeld v. Mahfouz, 9 N.Y.3d 501, 851 N.Y.S.2d 381 (2007) (see Opp. Br. at 12-13), the New York Court of Appeals rejected the notion that the defendant was subject to jurisdiction in New York. 9 N.Y.3d at 508, 851 N.Y.S. 2d at 385. Like the defendant in Ehrenfeld, none of TSI's purported New York contacts ever "invoked the privileges and benefits or protections of [New York's] laws," nor do Plaintiff's claims arise out of TSI's alleged New York contacts. Ehrenfeld, 9 N.Y.3d at 509, 851 N.Y.S.2d at 386.

Furthermore, Plaintiff has not satisfied the second, necessary element to establish personal jurisdiction -- namely, that Plaintiff's claim "arise out of" TSI's communications in New York. Kronisch, 150 F.3d at 130 ("[F]or a cause of action to arise out of a party's activities in New York, there must be an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York."); McGowan, 52 N.Y.2d at 273, 419 N.E.2d at 323, 437 N.Y.S.2d at 645. In fact, nowhere in the Amended Complaint, Plaintiff's Opposition Brief or in the Thakker Affidavit, does Plaintiff even assert that its claims for breach of contract "arise out of" TSI's alleged activities in New York. Plaintiff alleges that TSI communicated with Plaintiff in New York for the purpose of "maki[ing] sales and complet[ing] installations" of TSI's equipment (Opp. Br. at 10) -- allegations wholly unrelated to the wrongful termination claims asserted here.

Here, notwithstanding any transitory contacts that TSI may have had with New York, because Plaintiff's claims do not "arise out of" those alleged contacts, Plaintiff can not carry its burden of establishing jurisdiction under C.P.L.R. § 302(a)(1). As such, Plaintiff's Amended Complaint must be dismissed.

### D. Plaintiff's Claim of TSI's "Continuing Relationship" With Plaintiff Does Not Establish Long-Arm Jurisdiction

Also flawed is Plaintiff's assertion that the "continuing relationship" between TSI and Plaintiff is sufficient to establish long-arm jurisdiction under C.P.L.R. § 302(a)(1). (See Opp. Br. at 12). Although it is undisputed that the parties entered into a series of one-year contracts, that fact is not relevant to establishing the "articulable nexus" between the business allegedly transacted in New York during the term of the one-year contract at issue and the cause of action sued upon. McGowan, 52 N.Y.2d at 272, 419 N.E.2d at 323, 437 N.Y.S.2d at 645 ("Essential to the maintenance of a suit against a nondomiciliary under C.P.L.R. § 302(a)(1) is the existence of

some articulable nexus between the business transacted and the cause of action sued upon."); see also McKee Elec. Co., 20 N.Y.2d at 379-80, 229 N.E.2d at 606, 283 N.Y.S.2d at 36 (focusing solely on defendant's activities in New York during the one-year contract at issue even though the parties had an ongoing business relationship that spanned several years).

**E. TSI Did Not Ship Its Equipment Into New York State**

Although C.P.L.R. § 302(a)(1) addresses non-domiciliaries who "contract[ ] anywhere to supply goods or services in the state," contrary to Plaintiff's claims, TSI's sales in Oklahoma do not subject it to jurisdiction under this provision (and of course, in any event, the dispute here has no connection to the shipment of goods into the state). As set forth in the Affidavit of Eric Swank, TSI sells its equipment F.O.B. Oklahoma. (2/28/08 Swank Aff. ¶ 20)[9] TSI does not deliver its equipment outside of Oklahoma. (Id.). This fact, taken together with the other circumstances surrounding the transfer of goods from TSI to Plaintiff, distinguishes the present case from those cited by Plaintiff in its Opposition Brief. (See Opp. Br. at 14 (citing Finest Fruits, Inc. v. Bertuca, 714 F. Supp. 94 (S.D.N.Y. 1989) and Cavalier Label Co. v. Polytam, Ltd., 687 F. Supp. 872 (S.D.N.Y. 1988)).

Unlike the circumstances in Finest Fruits, Inc. v. Bertuca, here TSI's obligations under the contract ended after Plaintiff picked up the products in Oklahoma. See 714 F. Supp. at 97. Under the contract, TSI either rejected or accepted an offer made by Plaintiff in Oklahoma and Plaintiff did not have a right to reject the product upon inspection in New York, as was the case in Finest Fruits, Inc. Id. Legal ownership of the goods was transferred in Oklahoma before the good entered New York, therefore, TSI never "contracted to supply goods into New York." Id.

[9] While TSI's invoices use the phrase "F.O.B Shipping Point", it is undisputed that the "shipping point" is Oklahoma. (See Thakker Aff. ¶¶ 38-39, Ex. S).

(emphasis added).[10] Likewise, Plaintiff's reliance on Cavalier Label Co. v. Polytam, Ltd. is misplaced. There, the court found jurisdiction where the goods at issue were actually shipped into New York by the defendant. Cavalier Label Co., 687 F. Supp. at 877.

The 1979 amendment to N.Y. C.P.L.R. § 302(a)(1) was designed to "provide for jurisdiction where a non-domiciliary enters into a contract to do work in or send goods into New York." Finest Fruits, Inc., 714 F. Supp. at 97 (emphasis added). Here, TSI neither worked in New York nor contracted with Plaintiff to ship its equipment into New York. Accordingly, the outcome of this case is controlled by McKee Elec. Co. v. Rauland-Borg Corp. 20 N.Y.2d 377, 229 N.E.2d 604, 283 N.Y.S.2d 34. (See Def. Br. at 13-15).

Finally, regardless of the issue regarding the shipment of goods into the state, once again there is no dispute that Plaintiff's claims do not arise from the shipment of goods, so Plaintiff has necessarily failed establish the "nexus" prong necessary for jurisdiction here.

## II.

## TRANSFER OF VENUE TO THE NORTHERN DISTRICT OF OKLAHOMA IS WARRANTED HERE

Plaintiff contends that the transfer of venue to the Northern District of Oklahoma is not warranted because TSI "failed to meet is burden in support of its application" and because TSI's Motion to Dismiss "appears to do little more than re-list the facts identified in Ayala-Branch v. Tad Telecom, Inc." (Opp. Br. at 16). Plaintiff is wrong.

Contrary to Plaintiff's suggestion that TSI's request for a transfer of venue is based entirely on the convenience of the witnesses, TSI's Motion to Dismiss actually sets forth nine determinative factors, including -- but hardly limited to -- the convenience of the witnesses.

---

[10] Plaintiff's lawsuit in Finest Fruit, Inc. did not even arise from the original f.o.b sales contracts. 714 F. Supp. at 96. Instead, it was based on subsequent oral contracts that were entered into once the goods had arrived in New York. Id.

When balanced in light of convenience and justice, these factors strongly favor transfer. (See Def. Br. at 18-20). Among the factors previously set forth by TSI are:

> (1) the convenience of witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to those sources of proof; (4) the situs of the operative events in issue; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) judicial efficiency and the interests of justice.

Flaherty v. All Hampton Limousine, Inc., No. 01 Civ. 9939, 2002 WL 1891212, at *2 (S.D.N.Y. Aug. 16, 2002) (quoting Ayala-Branch v. Tad Telecom, Inc., 197 F. Supp. 2d 13 (S.D.N.Y. 2002)). (See Def. Br. at 19).

TSI's Motion to Dismiss established that the Northern District of Oklahoma would be the more convenient and justifiable forum because: (i) all of TSI's witnesses to the events giving rise to Plaintiff's claims live and work in Oklahoma; (ii) TSI's offices and documents are in the Oklahoma; (iii) the events giving rise to Plaintiff's claims, namely the decision to terminate the contract, was made in Oklahoma; (iv) one of the key witnesses, Sam Jones, is no longer working for TSI and therefore TSI cannot procure his appearance in New York; (v) the Northern District of Oklahoma is more familiar with Oklahoma law, the governing law in this case; and (vi) the interests of judicial efficiency support a transfer given the comparative docket size and median time intervals for the disposition of cases in the Northern District of Oklahoma and the Southern District of New York. (See Def. Br. at 20).

Effectively conceding these points, Plaintiff's Opposition Brief fails to address any of the factors other than the convenience of its witnesses.[11] In addition, Plaintiff's authorities are

---

[11] By its silence Plaintiff also concedes that the present action could have been brought in the Northern District of Oklahoma pursuant to 28 U.S.C. § 1391(a), since TSI is domiciled in that district and the events giving rise to Plaintiff's claims occurred in that district. (See Def. Br. at 18-19).

"weak tea" given that the convenience of witnesses is but one of the many grounds supporting TSI's request for a transfer. (See Opp. Br. at 16, citing Coker v. Bank of Am., 984 F. Supp. 757 (S.D.N.Y. 1997), Editorial Musical Latino Americana v. MAR Int'l Records, Inc., 829 F. Supp. 62 (S.D.N.Y. 1993) and Frene N.V. v. Kmart Corp., No. 96 CIV 9585, 1998 WL 427688 (S.D.N.Y. July 29, 1998)). In all three of the cases cited by Plaintiff, the Southern District of New York correctly considered all of the factors related to convenience and justice; it is noteworthy that in all but one of Plaintiff's cited cases, the court granted the motion to transfer.

As for the convenience of the witnesses, the Reply Affidavit of Eric Swank shows that TSI expects to call at trial at least ten party and third-party witnesses who live and work in Oklahoma. (See 4/18/08 Swank Aff. ¶ 8). Given the inconvenience associated with bringing these party and non-party witnesses to New York, the balance of convenience and justice favors the transfer. Should the Court determine that procuring witnesses outside their home forum is equally inconvenient for both Plaintiff and TSI, the other factors, such as the site of the operative facts and the forum's familiarity with the governing law, take greater importance. Howard v. Four Seasons Hotels Ltd, No. 96 CIV 4587, 1997 WL 107633, at *2-3 (S.D.N.Y. Mar. 10, 1997) (granting transfer of venue to the District of Massachusetts based on the location of the operative facts and the forum's familiarity with Massachusetts law). These factors weigh in TSI's favor.

Moreover, while Plaintiff correctly points out that Ayala-Branch states that plaintiff's choice of forum is typically "accorded relatively greater importance than the other factors" (see Opp. Br. at 16), as it turns out, given the circumstances in the present case, the Court need not give Plaintiff's choice of forum much weight. Indeed, Plaintiff's Opposition Brief fails to mention that the court in Ayala-Branch held that a plaintiff's choice of forum did not warrant greater importance "when the operative facts have few meaningful connections to the plaintiff's

chosen forum. Under those circumstances, the importance of the plaintiff's choice of forum measurably diminishes." 197 F. Supp. 2d 13, 15 (S.D.N.Y. 2002); see also Coker, 984 F. Supp. at 766 ("[W]hen the connection between the forum and the facts and issues in the case is minimal, the court need not give great weight to plaintiff's choice of forum.") (internal quotations omitted).

Here, the operative facts regarding the contract termination and the rescission of that termination occurred in the Northern District of Oklahoma. In fact, it is undisputed that the one-year contract here was issued by TSI in Oklahoma, executed by TSI in Oklahoma, is governed by Oklahoma law, was performed in Oklahoma, and is alleged to have been breached in Oklahoma where Plaintiff claims TSI wrongfully terminated the contract before rescinding the termination in Oklahoma. As in Ayala-Branch and Coker, the operative events that form the basis of Plaintiff's lawsuit took place outside of New York. Ayala-Branch, 197 F. Supp. 2d at 16 (granting defendant's motion to transfer the action pursuant to Section 1404(a)); Coker, 984 F. Supp. at 766 (granting motion for transfer, noting that plaintiff's "choice of forum is entitled to little weight" given "the nonexistent connection between this action and the Southern District of New York"). Accordingly, Plaintiff's choice of forum in this case is of de minimis importance.

As the determinative factors of convenience and justice weigh in favor of transferring this action, TSI respectfully requests that the Court transfer the case to the Northern District of Oklahoma.

**CONCLUSION**

For all of the foregoing reasons, Defendant respectfully requests that the Court: (i) dismiss the Amended Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(2); or, in the alternative, (ii) transfer this action to the United States District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. § 1404(a); and (iii) grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 18, 2008

Respectfully submitted,

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

By ______________________

David E. Ross
Email: dross@kasowitz.com
Eric D. Herschmann
Email: eherschmann@kasowitz.com
Kimberly A. Horn
Email: khorn@kasowitz.com
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700

*Attorneys for Defendant*