UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------x
DNT ENTERPRISES, INC.

    Plaintiffs,             07 civ. 8661 (LLS)

    -against-             MEMORANDUM and ORDER

TECHNICAL SYSTEMS, A DIVISION
OF RAE CORPORATION

    Defendant.
--------------------------------x

    Defendant Technical Systems ("TSI"), a division of RAE Corporation, which is "an Oklahoma manufacturer of heating, ventilation, air conditioning and refrigeration ('HVACR') products" (Amend. Compl. ¶ 1), moves to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. The motion is granted.

    The issue in this case is whether TSI breached the parties' one-year-term contract (which was prepared, signed, and performed in Oklahoma and governed by Oklahoma law) by attempting a premature termination, later rescinded. If so, plaintiff DNT Enterprises, Inc. ("DNT") may be entitled to recover the value of business it lost during the period the contract was in abeyance. TSI's abortive termination, and its rescission, were done from its headquarters in Pryor, Oklahoma.

FACTS

TSI builds its products in Oklahoma. (Swank Aff. ¶¶ 3, 4.) It is not registered to do business in New York (id. ¶ 7) and "has no offices, no employees, no property, no agents, no telephone numbers, no addresses, no post offices boxes, nor any bank accounts in New York." (Id. ¶ 8.) DNT is an independent contractor who sells HVACR equipment in the New York metropolitan area. The parties' contract provided for DNT to send any orders it could generate for TSI's equipment to TSI's Oklahoma offices, where they were accepted or rejected. (Id. ¶ 14.) When an order is accepted, "TSI sells its equipment only 'FOB Oklahoma,' such that title to, and the risk of loss of, the equipment sold passes to the purchaser in Oklahoma." (Id. ¶ 6.) At DNT's request, TSI builds the equipment to comply with applicable New York laws. (Id. at 6 n.2.)

No TSI employees traveled to New York to install TSI products, machinery or equipment in connection with the contract in issue. The contract provides that TSI may (at its option) send servicemen into New York, at DNT's expense, to assure proper servicing of the products. It did that in one instance in 2007. The only other visits TSI employees made to New York around the time of the

contract term were to meet with a New Jersey representative and to make an appearance at a trade show.

DISCUSSION

To establish personal jurisdiction, DNT relies on N.Y. CPLR § 302(a)(1), which states:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:
>
> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state.

Interpreting that long-arm statute, the New York Court of Appeals held in McKee Electric Co., Inc. v. Rauland-Borg Corp., 20 N.Y.2d 377 (1967) that an Illinois manufacturer of electronic equipment who shipped products "f.o.b. Chicago" (id. at 379) to a New York distributor and sent two representatives into New York to resolve friction between the distributor and a customer did not transact any business in New York under Section 302(a)(1).  Similarly, in SBR Realty Corp. v. Pave-Mark Corp., 175 A.D.2d 240 (2d Dep't 1991) the New York Supreme Court Appellate Division held that a Georgia manufacturer who shipped equipment to a New York buyer "F.O.B. Atlanta" (id. at 241) and indicated

- 3 -

on invoices for the equipment that the goods would be shipped to the buyer's New York address did not contract to supply goods or services in New York within the meaning of Section 302(a)(1).

Here, Section 302(a)(1) does not apply because DNT asserts no "cause of action arising from any" transactions by TSI in New York (N.Y. CPLR § 302(a)) and TSI has not contracted to supply goods or services in New York. All of the transactions underlying DNT's breach of contract claims occurred in Oklahoma, where TSI personnel discussed whether to terminate DNT's contract (Swank Aff. ¶¶ 15-17), decided both to cancel and later to reinstate the contract (id.), and sent both the cancellation and rescission letters (id.). TSI contracted to supply goods or services only in Oklahoma, where it prepared and signed the contract (id. ¶ 12), received "offers to purchase TSI's equipment for sale and delivery in Oklahoma" (id. ¶ 6), decided whether to accept such orders (id. ¶¶ 6, 14), built the equipment (id. ¶¶ 3, 4), and sold "its equipment only 'FOB Oklahoma.'" (Id. ¶ 6.)

Although the contract term was from March 2007 to March 2008, DNT claims that TSI has since 1996 communicated with DNT in New York through telephone calls, e-mails,

-4-

letters and other correspondence (Thakker Aff. ¶ 36, Ex. R) and DNT cites Fischbarg v. Doucet, 9 N.Y.3d 375 (2007), Deutsche Bank Securities, Inc. v. Montana Board of Invesments, 7 N.Y.3d 65 (2006), and Parke-Bernet Galleries, Inc. v. Franklyn, 26 N.Y.2d 13 (1970) for the proposition that correspondence sent into New York is sufficient to establish jurisdiction.  Those cases have in common that the communications projected into New York formed part of the claims at issue.  See Fischbarg, 9 N.Y.3d at 377-80 (a suit to recover unpaid legal fees:  California client had retained New York attorney to handle Oregon case and repeatedly communicated to the attorney in New York about the case); Montana Board, 7 N.Y.3d at 69-72 (Montana institutional investor negotiated and agreed to purchase $15 million worth of bonds by sending electronic instant messages to New York securities firm, creating the agreement involved in the suit); Parke-Bernet, 26 N.Y.2d at 15-18 (California buyer participated in New York art auction by placing bids over open telephone line, then failed to pay for two paintings thus acquired).

DNT makes much of its own activities in New York, and communications and some assistance from TSI during their 12-year relationship.  Those acts in themselves fall far

- 5 -

short of establishing general jurisdiction over TSI, and they in no way give rise to the present claim of breach of contract. That is what Section 302(a) requires ("a cause of action arising from any of the acts enumerated * * * .").

## CONCLUSION

The motion to dismiss for lack of personal jurisdiction is granted. The clerk will enter judgment dismissing the amended complaint with costs and disbursements according to law.

So ordered.

Dated: New York, NY
       April 18, 2008

_____
LOUIS L. STANTON
U.S.D.J.